**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

CAMBRIN BARNES                                                                                    PLAINTIFF
ADC # 147871

v.                              Lead Case No. 4:24CV00910-KGB-JTK
                        Consolidated Case No. 2:25CV00044-KGB-JTK

DEXTER PAYNE, et al.                                                                          DEFENDANTS

## <u>ORDER</u>

Defendants Allison, Ball, Culclager, Davis, Haynes, Johnson, Lane, Lay, Payne, Richardson, Ryles, and Straughn  (the "ADC Defendants") have filed Motion to Compel.  (Doc. No. 100).  Plaintiff has not responded and the time for doing so has passed.  For the reasons set out below, the ADC Defendant's Motion (Doc. No. 100) is DENIED.

On March 9, 2026, the ADC Defendants sent Plaintiff their First Set of Interrogatories and Requests for Production of Documents.  (Doc. No. 101 at 1).  The ADC Defendants' Motion arises from Plaintiff's responses to Interrogatory Nos. 16 and 17.  (<u>Id</u>.).

Interrogatory No. 16 reads: Please give an itemized account of all damages you are seeking in this lawsuit, including punitive damages, setting forth in detail all facts that you may rely on to prove each claim for damages.  (Doc. No. 100-1 at 4).

Plaintiff responded: I don't understand this interrogatory.  I need some aid and assistance. I am not a paralegal, lawyer, or attorney.  Mr. Lane told me I am a level 3 mental health patient and meet the requirements for substitute counsel.  (<u>Id</u>.).

Interrogatory No. 17 provides: Have you ever been a party to any other civil lawsuit during your incarceration?  If your answer is anything other than unqualified "no," then for each such case in which you were involved within the preceding seven (7) years, please set forth the

following information specifically and in detail: (a) the title and nature of the action and a brief description of your role or part in it; (b) the name and address of the court and the case number; (c) the resulting verdict or judgment; (d) the name, address and telephone number of all attorneys involved in the litigation; (e) the name, address and telephone number of each person or entity, other than yourself, who was a party to the litigation.  (Id.).

Plaintiff objected to the interrogatory as irrelevant.  (Id.).

The ADC Defendants sent Plaintiff a good faith letter on May 1, 2026.  (Id. at 1).

Rule 27(b)(1) sets out the scope of discovery.  Rule 27(b)(1) reads, in relevant part:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 27(b)(1).

The ADC Defendants assert "they need the requested discovery information to prepare for Plaintiff's deposition" and to "properly defend their case."  (Doc. No. 101 at 1).  No further detail was provided.

The Court denies the ADC Defendants' Motion as to Interrogatory No. 17 because (1) the request for a detailed 7-year litigation history is not, without further explanation, clearly proportional to the needs of this case, and (2) the parties' relative access to relevant information and resources.  The Court notes, for example, that of the five cases Plaintiff filed in this Court since 2020 that were served, the Arkansas Attorney General's Office was involved in all five of them.  As such, defense counsel has ready access to information about those cases.  And Plaintiff is an inmate who by the nature of his confinement has more limited access to online and other resources than defense counsel.  Plaintiff's state litigation history is easily accessible on the

2

Arkansas Judiciary's case search page. A quick glance at that page reflects Plaintiff filed three civil cases since 2020, two of which were habeas petitions and the third was a request for leave to file a belated appeal in a habeas case. Such information, too, is readily available to defense counsel. This is not to say that a pro se prisoner plaintiff is always excused from providing any litigation background. That is not so. This outcome is based on and limited to the specific circumstances in this case and on Interrogatory No. 17 itself. The ADC Defendants may question Plaintiff on this topic at his deposition.

In response to Interrogatory No. 16, Plaintiff said he did not understand the question. The ADC Defendants pressed forward with the same question rather than attempting to reword the interrogatory before involving the Court. Under these circumstances, rewording the interrogatory before filing a motion to compel may have eliminated the need for Court involvement. The Court denies the ADC Defendants' Motion as to Interrogatory No. 16 without prejudice—if they choose to try the request again more plainly stated and they remain unsatisfied with Plaintiff's response. The ADC Defendants may question Plaintiff on this topic at his deposition.

Plaintiff says he suffers from mental health problems and needs help with his response to Interrogatory No. 16. The Court notes that Plaintiff has followed Court instructions and filed Amended Complaints that include allegations against numerous Defendants; most of Plaintiff's claims survived screening under the Prison Litigation Reform Act. And, as mentioned above, other cases Plaintiff filed in this Court have been served, too. Additionally, the Court had the opportunity to interact with Plaintiff on April 20, 2022, during an evidentiary hearing in Barnes v. Byers, 4:21-cv-00144-JTK. Plaintiff testified at the hearing, called a witness, and cross-examined the witnesses for the defense. The content of Plaintiff's pleadings in this case does not suggest that Plaintiff's ability to present his claims and understand what is required of him has declined in the interim. The Court is cognizant of Plaintiff's deliberate indifference to serious mental health

needs in this case but concludes that Plaintiff remains capable of representing himself at this time and at this stage of the proceedings.

    IT IS SO ORDERED this 12th day of June, 2026.

                                     _____

                                     JEROME T. KEARNEY
                                     UNITED STATES MAGISTRATE JUDGE